Elliot Gale (Bar #263326)
egale@gajplaw.com
Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorneys for Plaintiff
Michael Ryan

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| Michael Ryan,<br><br>Plaintiff,<br><br>v.<br><br>First National Bank of Omaha<br><br>Defendant. | CASE NO.  5:22-cv-00156<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Violation of the Telephone Consumer Protection Act<br>3. Intrusion Upon Seclusion |

COMES NOW Plaintiff Michael Ryan (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

## **INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant First National Bank of Omaha's (hereinafter "Defendant" or "FNBO") violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, intrusion upon seclusion, which California has adopted from §652B of the Restatement (Second) of Torts,

and violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2. Plaintiff brings this action against Defendant for its abusive and outrageous conduct in connection with debt collection activity.

3. Defendant FNBO contacted Plaintiff over 50 times despite receiving two certified notices regarding Plaintiff's representation by counsel and that Plaintiff was revoking consent to be contacted on his cellular telephone.

4. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may

contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

8. This venue is proper pursuant to 28 U.S.C. §1391(b).

9. Plaintiff resides in the judicial district in which this case is filed.

10. Defendant engages in lending throughout the United States, including the State of California.

## GENERAL ALLEGATIONS

11. Plaintiff is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

12. At all relevant times herein, FNBO was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

13. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c)

14. Plaintiff opened an unsecured credit account with Defendant in early 2019.

15. The account Plaintiff opened with Defendant was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

16. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

17. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer

credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

18. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

19. Plaintiff's account was an unsecured credit account and Plaintiff began making payments on the loan shortly after it was opened.

20. Plaintiff was making payments on the account for several years before he became financially unable to keep up with the monthly payments.

21. Defendant began contacting Plaintiff in approximately May of 2021 to inquire about the status of the account and to collect on the payments that were no longer being made.

22. Plaintiff retained counsel to assist in dealing with Defendant's debt and to seek some type of financial relief.

23. Counsel for Plaintiff sent Defendant a letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

24. The contents of the letter also informed Defendant that Plaintiff was withdrawing his consent to be contacted on his cellular telephone.

25. Counsel for Plaintiff sent the letter of representation via certified mail to Defendant on June 18, 2021.  Defendant received and processed the certified letter on June 25, 2021.

26. Plaintiff informed Defendant that he was revoking his consent to be called on his cellular telephone in June of 2021.

27. Defendant continued to contact Plaintiff even after receiving the June 18, 2021 letter of representation and revocation of consent.

28. Defendant, despite receiving notice from Plaintiff, continued to contact Plaintiff through phone calls to Plaintiff's cellular telephone.

29. Frustrated, a second certified notice was sent to FNBO on September 22, 2021.

30. The second notice again informed FNBO that Plaintiff was represented by an attorney and that he was revoking consent to be contacted on his cellular telephone.

31. Undeterred, FNBO continued to contact Plaintiff.

32. Defendant would sometimes call Plaintiff numerous times each day demanding payment on the account.

33. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

34. Defendant's ATDS contains the capacity to sequentially generate numbers and subsequently dial those numbers.

35. Defendant's ATDS also has the capacity to store and generate numbers.

36. FNBO frequently left pre-recorded voice messages on Defendant's cellular telephone.

37. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant and that Plaintiff revoked consent to be contacted on his cellular telephone.

38. Defendant's calls were frequent in nature and continued despite receiving written confirmation, twice, that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

39. Despite receiving two written notices regarding Plaintiff's representation by counsel and revocation of his consent to be contacted on his cellular telephone

Defendant continued to call and contact Plaintiff daily regarding his account with Defendant.

## FIRST CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant FNBO)

40. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

41. Plaintiff provided written notice that he was represented by sending Defendant a letter with the name, address, and contact information of his attorney and informed Defendant that he was represented.

42. Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to address the debt that was owed to Defendant.

43. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

44. To date Plaintiff has received over fifty-one (51) calls and from Defendant after Defendant was made aware that Plaintiff was represented by an attorney.

45. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

## SECOND CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant FNBO)

46. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

47. FNBO placed over 51 calls to Plaintiff in a 90-day period.

48. Plaintiff was contacted multiple times per day by FNBO.

49. Plaintiff was often contacted multiple times a day.

50. FNBO violated Cal. Civ. Code §1788.11(d) by calling Plaintiff over 51 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

### THIRD CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant FNBO)

51. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

52. FNBO placed over 51 calls to Plaintiff in a 90-day period.

53. Plaintiff was contacted multiple times per day by FNBO.

54. Plaintiff was often contacted multiple times a day.

55. FNBO violated Cal. Civ. Code §1788.11(e) by calling Plaintiff over 51 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

### FOURTH CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant FNBO)

56. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

57. Defendant placed over 51 calls to Plaintiff.

58. Plaintiff was contacted multiple times per day by Defendant.

59. FNBO knew that Plaintiff was represented by an attorney as it received two certified notices stating as much.

60. Defendant violated Cal. Civ. Code §1788.17, in violation of 15 U.S.C. §§ 1692(d) and (c) by calling Plaintiff after FNBO knew that Plaintiff was represented by counsel and in an attempt to harass and annoy Plaintiff.

### FIFTH CAUSE OF ACTION
(Intrusion Upon Seclusion)
(Against Defendant FNBO)

61. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

62. The California legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Rosenthal Fair Debt Collection Practices Act and incorporating most of the Federal Act's provisions into the Rosenthal Act.

63. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

64. FNBO intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

65. FNBO intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

66. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns and affairs.

67. These intrusions and invasions against Plaintiff by FNBO occurred in a way that would be highly offensive to a reasonable person in that position.

68. FNBO received two separate certified notices stating that it was no longer to contact Plaintiff as he was represented by counsel and revoked his consent to be contacted on his cellular telephone.

69. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from FNBO.

70. FNBO also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

**Cal. Civ. Code § 3294**

71. Defendant also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to exemplary damages in an amount according to proof and a finder of fact at hearing.

72. Defendant had actual knowledge that it continued to violate both state and federal collection laws as it received certified notice regarding representation of Plaintiff by an attorney.

73. These calls were made with knowledge that Plaintiff was represented by counsel and could not be communicating directly with Plaintiff, let alone using an automated telephone dialing system.

74. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, these calls were an attempt to collect a debt in an illegal manner with a conscious disregard for Plaintiff's rights under both the Rosenthal Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

75. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, Defendant's illegal communications were done to intentionally subject Plaintiff to the unjust hardship of receiving at least 250 telephone calls.

76. The sheer volume of calls was intentionally designed to exhaust Plaintiff into paying Defendant.

## SIXTH CAUSE OF ACTION
### (Violation of the TCPA)
### (47 USC § 227)
### (Against Defendant FNBO)

77. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

78. Since at least early May of 2021 Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the account Plaintiff held with Defendant.

79. Defendant was informed, twice, that Plaintiff revoked his consent to be contacted by Defendant in June of 2021 and again in September of 2021.

80. Defendant called Plaintiff numerous times since Plaintiff withdrew his consent to be contacted by an automatic dialing machine.

81. Defendant would contact Plaintiff nearly daily regarding payment on the accounts.

82. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

83. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

84. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

85. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in April of 2020.

86. Overall Plaintiff was contacted on at least 51 (fifty-one) separate occasions by Defendant on his cellular phone despite informing Defendant that he was revoking any consent to be contacted on his cellular telephone.

87. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii).

## **DEMAND FOR JURY TRIAL**

88.Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

89.Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

**a.** An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

**b.** An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32

**c.** An award of statutory damages of $1,000 pursuant to Cal. Civ. Code § 1788.17, which incorporates 15 U.S.C. § 1692k; and

**d.** An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c) and 15 U.S.C. § 1692k.

**e.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

**f.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**Gale, Angelo, Johnson, & Pruett, P.C.**

Dated:          January 26, 2022          By:   */s/ Joe Angelo*
                                                  Joe Angelo
                                                  Elliot Gale
                                                  Attorneys for Plaintiff

11